**E.J. HARRISON & SONS, INC.,**
**Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL**
**REVENUE, Respondent–**
**Appellee.**

**No. 03–73806.**
**Tax Ct. No. 01–5316.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2005.

Decided July 13, 2005.

▮

Philip Garrett Panitz, Esq., Ryan D. Schaap, Esq., Westlake Village, CA, for Petitioner–Appellant.

B. John Williams, Jr., Esq., Shearman & Sterling, LLP, Gary R. Allen, Esq., Karen G. Gregory, Esq., DOJ—U.S. Department of Justice, Tax Division, Emily Ann Parker, Esq., Acting Chief Counsel, Internal Revenue Service, Charles S. Casazza, Washington, DC, for Respondent–Appellee.

Before LAY,* REINHARDT, and THOMAS, Circuit Judges.

MEMORANDUM **

E.J. Harrison & Sons, Inc. ("Taxpayer" or "corporation"), appeals a decision by the Tax Court finding that in 1995, 1996, and 1997, most of the salary paid to Taxpayer's primary shareholder, Mrs. Harrison, constituted unreasonable compensation and therefore was not deductible by Taxpayer as an "ordinary and necessary" business expense under Internal Revenue Code § 162(a)(1). The Tax Court conducted its own determination of reasonable compensation pursuant to the Ninth Circuit's five-factor test articulated in *Elliotts, Inc. v. CIR*, 716 F.2d 1241 (9th Cir.1983). It concluded that Mrs. Harrison's role in the corporation was equivalent to that of an outside board chair and set reasonable compensation at roughly $100,000 for each audit year.

We affirm the Tax Court's application of the *Elliotts* test and its determination that a portion of Mrs. Harrison's salary should be disallowed as unreasonable compensa-

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion. However, we reverse the Tax Court's finding that Mrs. Harrison's role in the corporation was "secondary" and equivalent to that of a typical outside board chair. The undisputed evidence indicated that during the audit years, Mrs. Harrison personally guaranteed multi-million dollar loans for the corporation that were critical to its survival. Although the Harrison sons also provided personal guarantees, Mrs. Harrison's guarantee was key because she possessed greater wealth than the others and the lender viewed her as the decision-maker. During the audit years, Mrs. Harrison also served as President of the corporation, attended extensive public relations activities to market the business, participated in weekly board meetings, worked full-time on behalf of the corporation (forty hours or more per week), and handled day-to-day corporate activities (e.g., she reviewed and approved Taxpayer's trash hauling contracts, filed company and historic records, reviewed bills, and issued and signed checks). Although the board made decisions on a consensus basis, testimony from the other officers demonstrated that they had to discuss all major business decisions with Mrs. Harrison, persuade her that the decision was a correct one, and obtain her final approval—which means her role was not "secondary" to the other officers, it was equal or greater. In addition, it is undisputed that Mrs. Harrison was a co-founder of the corporation and devoted over sixty years of employment services to the corporation. These are not the functions or characteristics of an outside board chair, who by definition is neither an officer nor employee of the corporation. *See* 3A FLETCHER CYC. OF PRIVATE CORP § 1035.20; *see also Texas Partners v. Conrock Co.,* 685 F.2d 1116, 1118 (9th Cir.1982); *Chesapeake Corp. v. Shore,* 771 A.2d 293, 299 n. 4 (Del.Ch.2000). Outside directors are people whose "principal business is other than the management of the corpora-

tion...." 1–6 BALLANTINE AND STERLING CAL. CORP. LAWS § 102.01[1] (2005). Since the Tax Court's finding as to Mrs. Harrison's role in the corporation contradicted undisputed evidence, its finding was clearly erroneous.

We also reverse the Tax Court's reasonable compensation figures for Mrs. Harrison. The figures were based in large part on a survey of salaries paid to outside board chairs at allegedly comparable companies. As a result, Mrs. Harrison's reasonable compensation was set at a level lower than subordinate employees. This was clearly erroneous. The reasonableness of Mrs. Harrison's compensation should have been evaluated based on her actual role as President of the corporation. At the very least, Mrs. Harrison's reasonable compensation should not have dropped below that of her sons during the audit years.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED TO THE TAX COURT FOR REDETERMINATION OF REASONABLE COMPENSATION IN A MANNER CONSISTENT WITH THIS MEMORANDUM.**