T.C. Memo. 2006-133

UNITED STATES TAX COURT

E.J. HARRISON & SONS, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5316-01.                    Filed June 26, 2006.

<u>Philip Garrett Panitz</u>, for petitioner.

<u>Jonathan H. Sloat</u>, for respondent.

SUPPLEMENTAL MEMORANDUM OPINION

HALPERN, <u>Judge</u>:  This case is before us on remand from the
U.S. Court of Appeals for the Ninth Circuit for reconsideration
of a question of reasonable compensation.  See <u>E.J. Harrison &
Sons, Inc. v. Commissioner</u>, 138 Fed. Appx. 994 (9th Cir. 2005),
affg. part, revg. part, and remanding T.C. Memo. 2003-239.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The single question before us is how much of the salary paid by petitioner to Myra I. Harrison (Mrs. Harrison) and deducted by petitioner on its Federal income tax returns for its 1995, 1996, and 1997 taxable years (the audit years) was not reasonable in amount and, therefore, not deductible as an ordinary and necessary business expense. See sec. 162(a)(1); sec. 1.162-7(a), Income Tax Regs. Petitioner, a California corporation, is in the business of waste pickup and disposal. During the audit years, Mrs. Harrison was a member of petitioner's board of directors (indeed, its chairman), an officer of petitioner (president), and petitioner's principal shareholder. Mrs. Harrison's three sons (Myron, James, and Ralph Harrison) were the remaining members of the board and the only other officers of petitioner. For the audit years, petitioner's officers received, and petitioner deducted, compensation in the following amounts:

| Year | Mrs. Harrison | Myron | James | Ralph |
|------|------|------|------|------|
| 1995 | $860,682 | $479,773 | $473,973 | $459,673 |
| 1996 | 818,059 | 442,882 | 475,183 | 468,188 |
| 1997 | 600,059 | 338,436 | 377,849 | 360,391 |

When this case was before us originally, respondent argued that petitioner's deductions for compensation paid to Mrs. Harrison during the audit years should be reduced on account of the unreasonableness of her salary as follows:

| Year | Amount Deducted | Amount Allowed | Amount Disallowed |
|------|-----------------|----------------|-------------------|
| 1995 | $860,682 | $54,215 | $806,467 |
| 1996 | 818,059 | 56,040 | 762,019 |
| 1997 | 600,059 | 58,734 | 541,325 |

Petitioner argued that all amounts paid to her during the audit years were reasonable and, therefore, were deductible in full. We concluded that petitioner may deduct the following amounts as compensation for services performed by Mrs. Harrison during the audit years:

| Year | Amount |
|------|--------|
| 1995 | $98,000 |
| 1996 | 101,000 |
| 1997 | 106,000 |

We were persuaded that, during the audit years, petitioner was a company run by Mrs. Harrison's sons, her role in the operations of the company had always been "secondary", and her titles of president and chairman of the board were titular and not reflective of her status in the company. We found that her role as an essentially compliant member of petitioner's board of directors justified her receipt of only a small fraction of the compensation paid to her during the audit years. We considered apposite respondent's analogy of Mrs. Harrison's activities on

petitioner's behalf to the duties performed by an outside board chair, and we used that model to determine reasonable compensation for her services.

The Court of Appeals affirmed our application of the five-factor test articulated in Elliotts, Inc. v. Commissioner, 716 F.2d 1241 (9th Cir. 1983), revg. T.C. Memo. 1980-282, to determine reasonable compensation. E.J. Harrison & Sons, Inc. v. Commissioner, supra at 995. Although it reversed our finding of what was reasonable compensation for Mrs. Harrison, id. at 996, it affirmed our determination that some portion of Mrs. Harrison's salary should be disallowed as unreasonable compensation, id. at 995. With respect to Mrs. Harrison's role in the company, the Court of Appeals reversed our finding that Mrs. Harrison's role was "secondary" and equivalent to that of a typical outside board chair. Id. at 996. It found that her role was equal to or greater than the roles of other officers. Id. It instructed us that the reasonableness of her compensation should have been evaluated based on her actual role as president of the corporation. Id. It further instructed us: "At the very least, Mrs. Harrison's reasonable compensation should not have dropped below that of her sons during the audit years." Id. The Court of Appeals remanded the case to us for a redetermination of reasonable compensation in a manner consistent with its discussion.

## Discussion

Since the Court of Appeals affirmed our determination that a portion of Mrs. Harrison's salary should be disallowed as unreasonable and instructed us that it was not unreasonable for petitioner to have paid her at least as much as it paid her sons during the audit years, we would not be amiss to find that she was reasonably compensated at some level between her actual compensation and the compensation paid her sons.

In its original brief, petitioner states its position as follows:  "It is E.J. Harrison & Sons [sic] position that the services rendered by Myra Harrison, including her guaranty of company notes, merited the compensation she received and was reasonable under the independent investor analysis set forth in Elliotts, Inc. v. Commissioner of Internal Revenue, * * * [supra]."  In Elliotts, Inc. v. Commissioner, supra at 1245, the United States Court of Appeals for the Ninth Circuit identified the factors that identify what is "reasonable compensation" under section 162(a)(1).  Among those factors is a comparison of the employee's salary with those paid by similar companies for similar services: viz, an "External Comparison".  Id. at 1246. On brief, under the heading "External Comparison", petitioner states:  "The unique nature of the services provided by Myra Harrison makes an external comparison extremely difficult.  * * * As the public face of a company dependent on public contracts,

Myra Harrison could not be replaced at any price." Following the remand of this case to us by the United States Court of Appeals for the Ninth Circuit, petitioner moved the Court to hold an evidentiary hearing limited to "the external comparison factor of the Elliotts test", so that the Court could properly evaluate that factor. Respondent objected to the motion, and we denied it. In our order disposing of the motion, we agreed with respondent that, having eschewed such testimony at trial, petitioner would not be prejudiced by being denied the opportunity to supplement the record with additional expert testimony addressed at external comparisons. We added that granting the motion would undermine principles of judicial economy and the need for finality. Finally, we stated that we were convinced by respondent that he would be prejudiced if forced to expend additional resources to rebut any additional testimony.

Petitioner bears the burden of proof, and we have little, if anything, in the way of guidance from petitioner to aid us in fixing a number for the reasonable amount of compensation paid to Mrs. Harrison for the audit years. In its supplemental brief on remand, petitioner suggests that we adopt the perspective of a hypothetical independent investor to determine whether such an investor would be satisfied with his return on equity after the compensation in issue was paid. See Elliotts, Inc. v.

Commissioner, supra at 1245; Labelgraphics, Inc. v. Commissioner,
T.C. Memo. 1998-343, affd. 221 F.3d 1091 (9th Cir. 2000).
Petitioner argues that its return on equity "was a very solid
12.33%" during the audit years, and that return "is consistent
with the 14.9% average rate of return of comparably sized
companies testified to by the IRS's expert".[1]  Accordingly, it
continues:  "[A]n independent investor would have been very
satisfied with the return on equity yielded by * * * [petitioner]
during the 1995, 1996 and 1997 fiscal years."  While all of that
may be true, it does not necessarily support petitioner's
conclusion that reasonable compensation for Mrs. Harrison for the
audit years is as follows:[2]

| Year | Amount |
|------|--------|
| 1995 | $860,682 |
| 1996 | 772,000 |
| 1997 | 378,000 |

Certainly, the corporation's rate of return on equity would be
relevant to a hypothetical independent investor in assessing the
reasonableness of compensation in a small corporation where

---

[1]  Petitioner calculates returns on equity of 41, 13, and
(17) percent for petitioner's 1995, 1996 and 1997 fiscal years,
respectively, and a mean return on equity for those years of
12.33 percent.

[2]  Computed by reducing Mrs. Harrison's compensation for
petitioner's 1996 fiscal year to an amount that would make
petitioner's return on equity for that year 14.9 percent, and
computed for 1997 (a loss year) by reducing her compensation to
$378,000, an amount approximately equal to the amount paid her
son, James.

excessive compensation would noticeably decrease the rate of return.  Elliotts, Inc. v. Commissioner, 716 F.2d at 1245.  It would aid in the investor's assessment of whether the total compensation package paid by the corporation to all of its employees is reasonable.  If, like petitioner, however, the corporation has more than one employee, its rate of return on equity tells us nothing precise about the reasonableness of the distribution of compensation among those employees.  Moreover, petitioner ignores the following caveat, in Elliotts, to the application of the independent investor test:

> A relevant inquiry is whether an inactive, independent investor would be willing to compensate the employee as he was compensated.  The nature and quality of the services should be considered, as well as the effect of those services on the return the investor is seeing on his investment.  * * *  [Id.]

By agreeing that a portion of Mrs. Harrison's salary should be disallowed as unreasonable compensation, the Court of Appeals for the Ninth Circuit implicitly agrees with our finding that "an independent investor in petitioner would object to the size of Mrs. Harrison's compensation".  E.J. Harrison & Sons, Inc. v. Commissioner, T.C. Memo. 2003-239.

Considering the rulings and instructions of the Court of Appeals, we find that the amounts of reasonable compensation paid to Mrs. Harrison for the audit years are as follows:

| Year | Amount |
|------|--------|
| 1995 | $500,000 |
| 1996 | 500,000 |
| 1997 | 400,000 |

## Conclusion

Based on the foregoing,

Decision will be entered

under Rule 155.