**E.J. HARRISON & SONS, INC.,**
Petitioner—Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.**

No. 06–74316.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2008.

Filed March 20, 2008.

Philip Garrett Panitz, Ryan D. Schaap, Law Offices of Philip G. Panitz, Westlake Village, CA, for Petitioner–Appellant.

Gary R. Allen, Charles S. Casazza, Karen G. Gregory, B. John Williams, Jr., U.S. Department of Justice, Washington, DC, for Respondent–Appellee.

Before: GOODWIN, SCHROEDER, and TALLMAN, Circuit Judges.

### MEMORANDUM *

The Tax Court properly evaluated Mrs. Harrison's role in the company in determining her reasonable compensation under Internal Revenue Code § 162(a)(1) and in light of our mandate on remand. *See E.J. Harrison & Sons, Inc. v. Comm'r,* 138 Fed.Appx. 994 (9th Cir.2005). We previously reversed the Tax Court because, although the Tax Court correctly applied the factors set forth in *Elliotts, Inc. v. Commissioner,* 716 F.2d 1241 (9th Cir.1983), in concluding that some portion of Mrs. Harrison's compensation was unreasonable, the Tax Court clearly erred by disregarding record evidence that her duties as board president were at least as extensive as the duties performed by her sons, the other board members. We remanded so that the Tax Court could identify a reasonable amount, which was not to "drop[ ] below that of her sons during the audit years." *E.J. Harrison & Sons, Inc.,* 138 Fed.Appx. at 996.

The Tax Court complied. It reasoned that "we would not be amiss to find that she was reasonably compensated at some level between her actual compensation and the compensation paid her sons." The compensation level the Tax Court arrived at for the audit years comported with the scope of our remand: Mrs. Harrison was permitted $500,000 for audit year 1995, $500,000 for audit year 1996, and $400,000 for audit year 1997. Viewing the entire record, we cannot say these figures are clearly erroneous.

The company complains that the Tax Court provides no basis for its determination of the above amounts. Although the Tax Court concludes its opinion somewhat summarily by identifying reasonable compensation for the audit years, the company ignores the applicable burden of proof. It is well established that the taxpayer must demonstrate the reasonableness of the amounts it seeks to deduct as compensation. *See* I.R.C. Rule 162(a).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The company urged the Tax Court on remand to adopt as reasonable amounts nearly identical to those the Tax Court previously had rejected. Rather than identifying evidence from the trial record that supported amounts above the compensation of Mrs. Harrison's sons, but below the amounts initially claimed as reasonable, the company instead chose to argue that the Tax Court should now employ an objective standard based on a hypothetical investor. That tactic is unavailing because we previously affirmed the Tax Court's application of the *Elliotts'* factors and therefore implicitly rejected a test based solely on a hypothetical investor.

The Tax Court understandably expressed its concern that "we have little, if anything, in the way of guidance from petitioner to aid us in fixing a number for the reasonable amount of compensation paid to Mrs. Harrison for the audit years." That the company asked to supplement the record on remand with additional expert testimony to support its new theory is of little consequence. The company had ample opportunity to present its evidence during trial, and reopening the record was not contemplated by our mandate on remand. Without further assistance from the company and in light of our guidance that compensation at some level above that of Mrs. Harrison's sons for the audit years would be reasonable, the Tax Court did not err when it calculated the revised amounts.

**AFFIRMED.**

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.