T.C. Memo. 2011-157

UNITED STATES TAX COURT

E.J. HARRISON & SONS, INC., Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 29889-09L, 9961-10.      Filed July 5, 2011.

Philip G. Panitz, for petitioner.

Aely K. Ullrich, for respondent.

MEMORANDUM OPINION

KROUPA, Judge:  These consolidated cases are before the
Court to address a collection review matter in response to a
Notice of Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330[1] (determination notice) and to address

---

[1]All section references are to the Internal Revenue Code,
                                              (continued...)

an interest abatement action under section 6404(e).[2]  We are

asked to decide two issues.  The first issue is whether

petitioner is liable for failure to pay additions to tax under

section 6651(a)(3) of $17,875[3] for 1995, $15,903 for 1996 and

$6,082 for 1997 (collectively, the failure to pay additions).[4]

We hold petitioner is liable.  The second issue is whether

respondent's determination to sustain the proposed levy action

was an abuse of discretion.  We hold it was not.

---

[1](...continued)
and all Rule references are to the Tax Court Rules of Practice
and Procedure, unless otherwise indicated.

[2]The Court treated petitioner's separate petition at docket
No. 9961-10 as an interest abatement claim under sec. 6404(e).
The Court consolidated the interest abatement case with the
collection case under Rule 141(a).  Petitioner asserts that it is
entitled to abatement of interest on failure to pay additions
under sec. 6404(e).  The Commissioner may abate interest
attributable to his unreasonable error or delay.  Sec. 6404(e).
We may order interest abatement only if the Commissioner abused
his discretion in denying a request to abate interest.  Sec.
6404(h).  Petitioner's only argument is it owes no interest
because respondent erroneously imposed additions to tax.  We hold
therefore that respondent did not abuse his discretion in denying
petitioner's interest abatement request.

[3]All monetary amounts are rounded to the nearest dollar.

[4] The determination notice was issued for 1995 and 1996.  We
have jurisdiction to consider petitioner's Federal income tax
liability for 1997, a non-determination year, to the extent that
it affects the collection action for unpaid Federal tax
liabilities for 1995 and 1996.  See Freije v. Commissioner, 125
T.C. 14, 28 (2005).

## Background

This case was submitted fully stipulated under Rule 122. The stipulation of facts and the accompanying exhibits are incorporated by this reference. Petitioner is a California corporation with its principal place of business in Ventura, California, at the time it filed the petitions.

Petitioner performs waste pickup and disposal services for various municipalities in Ventura and Santa Barbara Counties in California. Respondent audited petitioner's Federal income tax returns for 1995, 1996 and 1997. Respondent disallowed a portion of petitioner's deductions for compensation paid, asserting it was unreasonable and excessive. Consequently, respondent determined deficiencies in petitioner's Federal income tax of $161,680 for 1995, $152,933 for 1996 and $61,628 for 1997. Petitioner timely filed a petition with this Court seeking redetermination of the deficiencies.

This Court redetermined petitioner's deficiencies to $152,537 for 1995, $223,155 for 1996 and $91,306 for 1997 on October 14, 2003 (First Decision). E.J. Harrison & Sons, Inc. v. Commissioner, T.C. Memo. 2003-239. Petitioner appealed to the U.S. Court of Appeals for the Ninth Circuit (the Ninth Circuit) on the same day this Court entered its First Decision. Petitioner did not file a bond under section 7485, however, to stay assessment and collection.

Without a bond to stay assessment and collection, respondent issued petitioner a Statutory Notice of Balance Due on March 1, 2004. Petitioner did not make the required payment. The next year, the Ninth Circuit reversed this Court's reasonable compensation findings and remanded the case for further findings. E.J. Harrison & Sons, Inc. v. Commissioner, 138 Fed. Appx. 994 (9th Cir. 2005), affg. in part, revg. in part and remanding T.C. Memo. 2003-239. Respondent assessed failure to pay additions for 1996 and 1997 in April 2006 (over seven months after the First Decision was remanded) based on the deficiencies determined in this Court's First Decision.

This Court entered its second decision on July 26, 2006, substantially reducing petitioner's deficiencies to $72,137 for 1995, $63,612 for 1996 and $24,327 for 1997 (Second Decision). E.J. Harrison & Sons, Inc. v. Commissioner, T.C. Memo. 2006-133. Petitioner appealed this Court's Second Decision to the Ninth Circuit. Petitioner again failed to file a bond under section 7485 to stay assessment and collection. The Ninth Circuit affirmed this Court's Second Decision on May 20, 2008. E.J. Harrison & Sons, Inc. v. Commissioner, 270 Fed. Appx. 667 (9th Cir. 2008), affg. T.C. Memo. 2006-133.

Petitioner made three substantial payments toward the deficiencies determined in this Court's Second Decision between May 2008 and April 2009. Respondent abated tax and related

interest for 1995, 1996 and 1997 pursuant to this Court's Second Decision during June of 2009. Respondent also abated failure to pay additions for 1996 and 1997 pursuant to this Court's Second Decision. Finally, respondent assessed failure to pay additions for 1995. The abatements eliminated petitioner's 1997 Federal income tax liability. Respondent issued petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (Levy Notice) after petitioner again failed to pay its tax liabilities for 1995 and 1996.

Petitioner timely requested a collection due process (CDP) hearing. Settlement Officer Patrick Lin (SO Lin) scheduled a CDP hearing with petitioner. Petitioner contested the failure to pay additions and related interest at the CDP hearing. SO Lin sustained the proposed levy action and issued petitioner a determination notice. In making his determination, SO Lin verified that all requirements of applicable law and administrative procedure had been met. SO Lin also considered the issues petitioner raised and whether the proposed collection action balanced the need for efficient collection with any legitimate concerns of petitioner. Petitioner timely filed petitions with this Court disputing the failure to pay additions and related interest.

## Discussion

This case involves when the Commissioner can assess failure to pay additions if the taxpayer appeals the Court's deficiency redetermination without filing a bond but ultimately pays the deficiency amounts when they are finally determined. Respondent first assessed failure to pay additions after the Ninth Circuit reversed in part and remanded the Court's First Decision. Petitioner argues that respondent improperly assessed the failure to pay additions, as the First Decision had been remanded and it paid the deficiencies when the amounts were finally determined. Respondent argues that the failure to pay additions were properly assessed because petitioner failed to file a bond and petitioner received valid notice and demand for payment of tax, which petitioner ignored. We first begin with the standard of review in collection review matters.

### Standard of Review

This Court in collection review matters will review an Appeals Office determination de novo where the underlying tax liability is at issue. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). A taxpayer's underlying tax liability may be at issue if the taxpayer did not receive a deficiency notice or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). Issues other than the underlying liability concerning the Appeals Office determination will be reviewed for

abuse of discretion. See <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, <u>supra</u> at 182. In reviewing an administrative determination for abuse of discretion, we must decide whether the Commissioner exercised his discretion arbitrarily, capriciously or without sound basis in fact or law. See <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999).

Petitioner neither received a deficiency notice for the failure to pay additions nor was given an opportunity to dispute the additions before the CDP hearing. Thus, we review de novo respondent's determination that petitioner is liable for the failure to pay additions. We review for abuse of discretion all other issues related to respondent's determination to proceed with the proposed levy action against petitioner.

<u>Failure To Pay Additions</u>

We now address whether petitioner is liable for the failure to pay additions. The Commissioner has the burden of production with respect to additions to tax. Sec. 7491(c); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001). To meet this burden, the Commissioner must produce sufficient evidence establishing that it is appropriate to impose the additions to tax. See <u>Higbee v. Commissioner</u>, <u>supra</u> at 446-447.

A failure to pay addition may be imposed when a taxpayer fails to pay any tax required to be shown on a return within 21 calendar days of notice and demand for payment. Sec. 6651(a)(3).

The failure to pay addition, however, is not imposed if a taxpayer can show that the failure was due to reasonable cause and not due to willful neglect.  Id.

Respondent has met the prima facie requirements for imposing the failure to pay addition.  Respondent, relying on Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, showed that he provided notice and demand to petitioner for payment of assessed tax liabilities.[5]  Respondent also showed that petitioner failed to pay its tax liabilities within 21 calendar days of notice and demand.

Petitioner next argues that the March 1, 2004, notice and demand was invalid because it was based on a deficiency amount that was redetermined after appeal of this Court's First Decision.  Put simply, petitioner argues respondent can assess and collect a failure to pay addition only once a deficiency is finally determined (or this Court's decision becomes final).  Petitioner's argument, however, lacks merit.

---

[5]Petitioner argues that respondent may not rely on the Statutory Notice of Balance Due entry in Form 4340 to establish that he sent  petitioner notice and demand.  We disagree.  A Statutory Notice of Balance Due entry on Form 4340 is sufficient to presumptively establish that notice and demand was sent on the date corresponding to the Statutory Notice of Balance Due entry.  See United States v. Scott, 290 F. Supp. 2d 1201, 1207 & n.4 (S.D. Cal. 2003) (holding that a Statutory Notice of Balance Due entry on Form 4340 provides evidence that notice and demand was given).  Moreover, petitioner has failed to provide any credible evidence to rebut the presumption that respondent provided it notice and demand.  We find therefore that respondent issued petitioner notice and demand on March 1, 2004.

Respondent has met the prima facie requirements for imposing the failure to pay addition. Respondent properly issued notice and demand to petitioner for payment of assessed tax liabilities. Respondent also showed that petitioner failed to pay its tax liabilities within 21 calendar days of that notice and demand.

The Commissioner need not await a final deficiency determination to assess and collect a failure to pay addition. See Burke v. Commissoner, T.C. Memo. 2009-282. He can assess and collect a failure to pay addition after issuing proper notice and demand for payment of tax. Sec. 6651(a)(3). Notice and demand may be issued once an assessment of tax has been made. Sec. 6303.

Where a taxpayer appeals a decision of this Court and files a bond, assessment is stayed until the deficiency is finally determined. Sec. 7485. Here, petitioner did not file a bond when it appealed this Court's First Decision. Consequently, respondent was not stayed from assessing tax and issuing notice and demand for payment of tax on March 1, 2004. We therefore hold that the notice and demand was valid and petitioner is liable for the failure to pay additions unless petitioner can prove its failure to pay was due to reasonable cause and not willful neglect.

We now consider whether petitioner's failure to pay tax was due to reasonable cause and not due to willful neglect. The

taxpayer has the burden of proving reasonable cause and the absence of willful neglect. Rule 142(a); Higbee v. Commissioner, supra at 447. Petitioner argues its failure to pay was due to reasonable cause because the tax deficiency stated in the notice and demand was "incorrect."

Reasonable cause may be found where a taxpayer shows that he or she was unable to pay the tax or would suffer an undue hardship, despite exercising ordinary care and prudence in providing for payment. See sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Petitioner has not alleged or argued that it was unable to pay or would suffer an undue hardship by timely paying its tax liabilities. Moreover, petitioner has failed to establish reasonable cause. In fact, petitioner argues it paid the correct amount after the deficiency amount was finally determined. We decided this argument lacks merit. Petitioner has not met its burden, and we find petitioner is liable for the failure to pay additions.

Abuse of Discretion Regarding Collection Activities

We now review whether respondent abused his discretion in deciding to sustain the proposed levy action against petitioner to collect unpaid tax liabilities for 1995 and 1996. We begin with general rules that apply to collection actions.

The Secretary is required to furnish the taxpayer with written notice of a proposed levy. Sec. 6330. The taxpayer is

entitled, upon request, to a hearing before the Appeals Office. Sec. 6330(b)(1). The taxpayer may raise at that hearing any relevant issues relating to the unpaid tax or the proposed collection action. Sec. 6330(c)(2). Relevant issues include any appropriate spousal defenses, challenges to the appropriateness of collection and possible alternative means of collection such as an installment agreement or an offer-in-compromise. Sec. 6330(c)(2)(A).

After the hearing, the Appeals officer is required to make a determination that addresses issues the taxpayer raised, verify that all requirements of applicable law and administrative procedure have been met and balance the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. Sec. 6330(c)(3). Petitioner may prove abuse of discretion by showing that respondent exercised his discretion arbitrarily, capriciously or without sound basis in fact or law. See Giamelli v. Commissioner, 129 T.C. 107, 111 (2007).

The record reflects that SO Lin properly verified that respondent followed the applicable law and administrative procedure. He reviewed respondent's account transcript and concluded that petitioner received all notices and was accorded all rights to which it was entitled regarding the assessments. Additionally, SO Lin considered all relevant issues and defenses.

Petitioner did not provide any collection alternatives for SO Lin's consideration. Finally, the record reflects that SO Lin properly balanced the need for efficient collection of taxes with petitioner's legitimate concern that any collection be no more intrusive than necessary.

Petitioner argues that respondent abused his discretion because respondent improperly assessed the failure to pay additions. We have already found that respondent properly assessed them. We therefore conclude that SO Lin did not abuse his discretion in sustaining the levy action to collect petitioner's 1995 and 1996 tax.

We have considered all arguments made in reaching our decision, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decisions will be entered for</u>

<u>respondent</u>.